# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN JOHNSTON,

        Plaintiff,           CIVIL ACTION NO. 07-CV-13871-DT

  VS.                              DISTRICT JUDGE LAWRENCE P. ZATKOFF

BERGIN FINANCIAL, INC.,     MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
                              /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO TAKE DEPOSITION OF ATTORNEY REGINA SLOWEY AND DISQUALIFY HER AS COUNSEL

This matter comes before the Court on Plaintiff's Motion to Take the Deposition of Attorney Regina Slowey and Disqualify her as Counsel filed on June 24, 2008. (Docket no. 16). Defendant has responded. (Docket no. 18). This motion has been referred to the undersigned for decision. (Docket no. 17). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's motion is now ready for ruling.

    **1.**    **Facts and Claims**

This is an action pursuant to the FMLA and Title VII. (Docket no. 1). Plaintiff served Notices of Taking Deposition Duces Tecum on Defendant's counsel for the deposition of Regina Slowey, the latest being served on June 13, 2008 for the scheduled deposition on June 19, 2008. (Docket no. 16 ex. 3). Defendant objected by letter and advised that Ms. Slowey would not be produced absent a court order. (*Id*. ex. 4). The basis of Defendant's objection is not specified in this letter, however Defendant contends that it objected based on the attorney-client privilege, the fact that the defense does not intend to call Ms. Slowey as a witness, and because Ms. Slowey has no

material personal knowledge regarding this controversy. (Docket no. 18 at 7). Plaintiff discusses in her brief whether the work product doctrine applies. (Docket no. 16). However, because Defendant does not argue that the work production doctrine applies, and there is no showing that Defendant objected on this basis, the Court will not consider its application.

Plaintiff seeks to depose Ms. Slowey with regard to her investigation of Plaintiff's complaint of sexual harassment as well as Slowey's role in the decision to terminate Plaintiff's employment. (Docket no. 16 at 9). Joseph Bergin, the CEO of Defendant Bergin Financial, testified during his deposition that after Plaintiff complained to him that Plaintiff's manager, Jeff Kipp, had sexually harassed her by making comments to her, he gave the responsibility of investigating Plaintiff's complaint to Ms. Slowey. (Docket no. 16, Deposition of Joseph Bergin at 33). Ms. Slowey is an attorney who is not on Defendant's payroll but whom Defendant uses frequently for legal functions. (*Id*. at 17). Ms. Slowey investigated Plaintiff's complaint by interviewing employees of Defendant and created a written report which Defendant has disclosed during discovery to Plaintiff. (Docket no. 16 ex. 1). The 2-page report which Ms. Slowey produced summarizes the events of the May 4, 2007 meeting during which Plaintiff voiced her complaint to Joseph Bergin and Jeff Kipp, lists five employees who were interviewed, provides a synopsis of the information gained during the interviews, and concludes by stating that no one supports Plaintiff's version of the relevant events and that it "does not seem" that sexual harassment occurred. (*Id*.).

Mr. Kipp testified during his deposition that in early July 2007 he talked to Ms. Slowey regarding continuing to pay for insurance for Plaintiff given her extended absence from work. (Docket no. 16, affidavit of Jeff Kipp at 43). Mr. Kipp states that he asked if Defendant could cancel Plaintiff's insurance and that the company did cancel Plaintiff's insurance at that point. (*Id*.). These

two events, the investigation of Plaintiff's complaint and the termination of her insurance, are the extent of Ms. Slowey's involvement in the events relevant to this motion.

**2.     Standard**

Rule 37(a), Fed. R. Civ. P., provides that a party may move for an order compelling discovery. Discovery is generally available from any person regarding any non-privileged matter that is relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1).

The burden of establishing the existence of the attorney-client privilege rests with the person asserting it. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002). Claims of the privilege are narrowly construed. (*Id.*). The privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties. (*Id.*). The federal common law governs privilege issues in this federal question action. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). The elements of the privilege are: (1) where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) unless the protection is waived. (*Id.* at 355-56).

**3.     Analysis**

    **a.     Deposition of Ms. Slowey**

Defendant has failed to carry its burden of establishing the attorney-client privilege with respect to Ms. Slowey's investigation of Plaintiff's complaints. Mr. Bergin's testimony shows only that he instructed Ms. Slowey to investigate the facts surrounding the complaint. She did so by interviewing employees. There is no claim that there was any litigation pending at the time or that

the investigation was performed because of the threat of litigation. There is no showing that Ms. Slowey's legal advice was requested. Her written report is not marked as being confidential or protected by the attorney-client privilege. The author of the report is not reflected on its face, and there is no indication that an attorney wrote it. Ms. Slowey does conclude that it does not appear that sexual harassment occurred, however this conclusion is not necessarily a legal opinion made by counsel and does not appear to be from the context of the report. In view of all the circumstances the Court concludes that Ms. Slowey was not acting in her capacity of counsel when she investigated Plaintiff's claims of harassment.

Moreover, Defendant has disclosed Ms. Slowey's written report to Plaintiff's counsel. This disclosure to a third party waives any privilege that might have attached to it. *See In re Columbia/HCA Healthcare*, 293 F.3d at 294. Therefore, the attorney-client privilege does not shield Ms. Slowey from being deposed regarding her investigation or her subsequent written report. Related documents also are not protected from disclosure.

The circumstances surrounding Ms. Slowey's advice given to Jeff Kipp regarding the termination of Plaintiff's insurance present a much different factual scenario. The evidence is that Jeff Kipp contacted Ms. Slowey to determine whether Defendant could cancel Plaintiff's insurance. Ms. Slowey states in her affidavit that she had no idea of the timing of the decision to end Plaintiff's benefits and that she simply advised her client as to the law. (Docket no. 19 at 2). Ms. Slowey was acting in her role as counsel when providing such advice. There is no showing that any waiver has occurred with respect to this event. Accordingly, the events and documents relating to Ms. Slowey's advice to Jeff Kipp are off limits for discovery purposes because they are shielded by the attorney-client privilege. *See Barfoot v. Boeing Co.*, 184 F.R.D. 642, 645 (N.D. Ala. 1999) (to extent internal

investigation files embody advice, consent and directions of attorneys, such materials need not be produced).[1]

      **b.**      **Disqualification of Ms. Slowey**

Plaintiff also requests that this Court disqualify Ms. Slowey from representing Defendant in this action because she is a necessary witness with intimate involvement with matters at the heart of the litigation. (Docket no. 16 at 15). Courts do not possess the unfettered discretion to disqualify counsel. *DeBiasi v. Charter County of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003). Disqualification is an "extreme sanction" which should be used only when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice. (*Id.*). The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *Pigott v. Sanibel Development, LLC*, 2007 WL 2713188, slip copy at *1 (S.D. Ala. Sept. 17, 2007).

Plaintiff has failed to show that disqualification of Ms. Slowey is required at this time. The deadline for the filing of the parties' witness lists is months away. Discovery from Ms. Slowey has not yet taken place. Plaintiff's assertion that Ms. Slowey will be a necessary witness in this action is not now supported by the record. Ms. Slowey was not present when the alleged harassing comments were made by Mr. Kipp to Plaintiff. Plaintiff fails to explain why any information possessed by Ms. Slowey will not be available from other witnesses. Plaintiff's motion to disqualify Ms. Slowey will therefore be denied without prejudice.

---

[1] Defendant's remaining arguments against Ms. Slowey being deposed, namely that the defense does not intend to call her as a witness and that she has no personal knowledge, are not bases for prohibiting her deposition.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Take the Deposition of Attorney Regina Slowey and Disqualify Her as Counsel (docket no. 16) is **GRANTED** to the extent that Plaintiff may depose Ms. Slowey regarding her role in the investigation of Plaintiff's complaint of sexual harassment, and receive the documents requested which relate to this investigation. Plaintiff must complete Ms. Slowey's deposition on or before August 20, 2008. Plaintiff's Motion to Disqualify Ms. Slowey as counsel is **DENIED** without prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 07, 2008         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 07, 2008         s/ Lisa C. Bartlett
                               Courtroom Deputy